UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEXAS EASTERN TRANSMISSION, LP,

                                    Case No. 1:26-cv-288

      Plaintiff,

v.                                  Judge Michael H. Watson

ROBERT E. KEENAN,

      Defendant.

## OPINION AND ORDER

Plaintiff Texas Eastern Transmission, LP ("Texas Eastern") moves for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b) enjoining Robert E. Keenan ("Defendant") from preventing or interfering with Texas Eastern's contractual right, under a recorded Grant of Easement, to enter upon the easement area on Defendant's property in Jefferson County, Ohio, and perform time-sensitive maintenance and repair work on a natural gas pipeline.

The Court held an informal conference pursuant to Local Rule 65.1, which Defendant and counsel for Texas Eastern attended telephonically. During that conference, Defendant acknowledged Texas Eastern's need to access the easement area and consented to the same. So, pursuant to agreement and for the reasons set forth below, the Court **GRANTS** Texas Eastern's motion for a TRO.

## I.    FACTS

The following facts are taken from Texas Eastern's Verified Complaint, ECF No. 8,[1] and this Court's Opinion & Order issued in a related case between the parties in nearly identical circumstances in 2015, *Texas E. Transmission, LP v. Keenan*, 2:15-cv-2322, ECF No. 10 (the "2015 TRO Order").

On December 2, 2014, the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity (the "FERC Certificate") authorizing construction, operation, and maintenance of the Ohio Pipeline Energy Project (the "OPEN Project"), including an approximately seventy-six-mile natural gas pipeline and associated facilities.  *See* Condemnation Order, *Tex. E. Transmission, LP v. 3.2 Acres Permanent Easement*, No. 2:14-cv-2650, 2015 WL 152680, at *1 (S.D. Ohio Jan. 12, 2015).

A portion of the OPEN Project crosses an approximately 41-acre property owned by Defendant in Jefferson County, Ohio.  Verified Compl. at ¶¶ 29–30.  This Court granted Texas Eastern injunctive relief and immediate possession for FERC-approved activities.  *See* 2015 WL 152680, at *7–8.

---

[1] Texas Eastern has since filed an Amended Complaint, ECF No. 13, which does not change the analysis herein.

Defendant initially refused access to the property, and the Court ordered him to attend a show-cause hearing on March 13, 2015.  On March 13, 2015, the parties reached a settlement on the record pursuant to which Defendant agreed, in consideration for $200,000, to permit Texas Eastern to construct, maintain, and operate the pipeline on the subject property.  *See* March 13, 2015 Hr'g Tr., Verified Compl. Ex. B.  The parties memorialized their settlement in a voluntarily executed Grant of Easement, which was recorded on April 27, 2015.  2015 TRO Order at 3 & n.1.

Despite the agreement on the record and the recorded Grant of Easement, Defendant again denied Texas Eastern access, prompting this Court to enter a TRO in 2015 enjoining Defendant from preventing or interfering in any way with Texas Eastern's rights under the Grant of Easement.  2015 TRO Order at 12.

Texas Eastern now again seeks access to its easement on the subject property to perform scheduled, time-sensitive pipeline maintenance and repair work during a planned "Work Window" between March 30, 2026, and approximately April 15, 2026.  Texas Eastern provided Defendant the required notice and made multiple attempts to confirm peaceful access; Defendant did not provide affirmative acknowledgement that Texas Eastern may enter the subject property on March 30, 2026, to begin repair work and initially indicated that he would refuse access. Verified Compl. ¶¶ 54, 62–63.

Texas Eastern alleges that it has been coordinating the repairs at this site and others for more than a year, including a planned pipeline outage, coordinating with contractors, and coordinating gas scheduling for customers. Verified Compl. ¶¶ 22–26. If Texas Eastern does not complete the work within the planned "Work Window," it alleges it will suffer damages that will be difficult or impossible to quantify due to the need to reschedule the work, its potential inability to comply with federal pipeline safety regulatory requirements, and its loss of access to a unique piece of real property. Verified Compl. ¶¶ 26–28.

## II.     DISCUSSION

Texas Eastern seeks a TRO under Federal Rule of Civil Procedure 65. In determining whether to grant a TRO, the Court considers four factors: (1) whether the movant has established a substantial probability of success on the merits; (2) whether the movant would suffer irreparable harm in the absence of an injunction; (3) whether an injunction would substantially harm others; and (4) whether an injunction would serve the public interest. See Winnett v. Caterpillar, Inc., 609 F.3d 404, 408 (6th Cir. 2010). "These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together." Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). Here, all four factors support a finding in favor of Texas

Eastern, just as the factors did the last time the Court analyzed a similar dispute.  *See* 2015 TRO Order.

## A.     Probability of Success on the Merits

Texas Eastern has a substantial probability of succeeding on the merits of its breach-of-contract claim.  To succeed on a breach-of-contract claim, Texas Eastern must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (citing *Jarupan v. Hanna*, 173 Ohio App. 3d 284 (Ohio Ct. App. 10th Dist. 2007)).

First, just as it did in 2015, the Grant of Easement constitutes a binding contract memorializing the parties' settlement reached on the record.  "To prove the existence of a valid contract, a party must prove that there was an offer, an acceptance, contractual capacity, consideration, a manifestation of mutual assent and legality of object and of consideration." *Fenix Enters., Inc. v. M & M Mortg. Corp., Inc.*, 624 F. Supp. 2d 834, 841 (S.D. Ohio 2009); *see* 2015 TRO Order at 6–7.  Defendant signed the Grant of Easement and received consideration, including the $200,000 payment.  2015 TRO Order at 6.

Second, Texas Eastern has performed its contractual obligations, including tendering the consideration promised, and is now attempting to exercise no more than its rights to access the easement to perform

necessary maintenance work.  2015 TRO Order at 7; *see also* Grant of Easement, Verified Compl. Ex. C.

Third, Defendant's refusal to acknowledge and permit access constituted a breach of the Grant of Easement.  The Grant of Easement requires Defendant to allow Texas Eastern access for the purposes stated in the easement and expressly provides that Defendant will not prohibit such access.  2015 TRO Order at 7; *see also* Grant of Easement, Verified Compl. Ex. C.

## B.    Irreparable Harm

Texas Eastern will likely suffer irreparable harm absent immediate access.  As in 2015, the work at issue requires significant planning and coordination and depends on a tight schedule; interference threatens the timely completion of the work and causes harms that are difficult or impossible to quantify.  2015 TRO Order at 8–10; Verified Compl. ¶¶ 20–26.

Courts have found that an inability to meet deadlines and the resulting disruption to pipeline work constitutes irreparable harm.  *See Se. Supply Header, LLC v. 180 Acres in George Cnty., Miss.*, No. 2:07CV280KS-MTP, 2008 WL 160700, at *3 (S.D. Miss. Jan. 9, 2008). Particularly in the case of real property, irreparable harm may exist where a party is denied access or the character of the property may change absent injunctive relief.  *Golf Vill. N. LLC v. City of Powell, Ohio*, 333 F.

Case No. 1:26-cv-288                                              Page 6 of 11

Supp. 3d 769, 781 (S.D. Ohio 2018).  Here, the Grant of Easement provides Texas Eastern a unique piece of real property, access to which provides the only means for Texas Eastern to perform necessary maintenance and repairs to its gas pipeline.  Verified Compl. ¶ 71. Therefore, irreparable harm exists if the TRO is not granted because of Defendant's prior refusal and risk of future refusal to permit access to the unique piece of property that is the easement.

Texas Eastern also demonstrates harm related to business reputation and goodwill that is difficult or impossible to compute and may serve as the basis for a finding of irreparable harm.  *See Budget Rent A Car Sys., Inc. v. Miles*, No. C2-04-CV-1205, 2006 WL 2373255, at *3 (S.D. Ohio Aug. 14, 2006) (cited in 2015 TRO Order at 10); *Compuserve Inc. v. Cyber Promotions*, 962 F. Supp. 1015, 1027–28 (S.D. Ohio 1997) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)).

"[I]ncreased construction costs and losses from its breach of gas supply contracts" also constitute irreparable harm entitling a pipeline company to injunctive relief to remedy the issue.  *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 830 (4th Cir. 2004) (applying four-part test and affirming district court's order of preliminary injunction); *see also Tenn. Gas Pipeline, LLC v.1.693 Acres of Land*, No. 2:12-cv-07921, 2013 WL 244821, at *3 (D.N.J. Jan. 22, 2013) ("Tennessee Gas will be irreparably harmed if it cannot immediately access the Road. . . . To meet its deadline,

Tennessee Gas's workers need immediate access to the Station . . . ." (citations omitted)).  Here, Texas Eastern has alleged that it will face increased costs and potential contract losses should it be required to reschedule the time-sensitive maintenance work.  Verified Compl. ¶¶ 24, 26.  Therefore, these costs further indicate that Texas Eastern will be irreparably harmed absent a TRO.

For all these reasons, the Court finds Texas Eastern will likely suffer irreparable harm if it is not granted access pursuant to the Grant of Easement.

## C.   Substantial Harm to Others

Enforcing the Grant of Easement and enjoining Defendant from interfering with Texas Eastern's access will not substantially harm Defendant or any third parties.  Defendant has already received the negotiated consideration for the easement rights, and Texas Eastern has agreed to restore the property after completing work.  2015 TRO Order at 3; Verified Compl. ¶ 72.  The Court has no evidence of any potential harm to third parties; in fact, the only evidence indicates that some third parties may suffer harm if the TRO is not granted and the work is not timely performed.  Verified Compl. ¶ 26.

## D.   Public Interest

Granting a TRO serves the public interest.

Case No. 1:26-cv-288                                                        Page 8 of 11

This Court previously recognized, in the related condemnation action, the completed and operational OPEN Project pipeline benefits the public: "[b]ased on the benefits the project will provide and the minimal adverse impacts on existing shippers, other pipelines and their captive customers, and landowners and surrounding communities, we find, consistent with the Certificate Policy Statement and NGA section 7, that the public convenience and necessity requires approval of Texas Eastern's proposal." 2015 TRO Order (citing FERC Cert. ¶ 19, *Tex. E. Transmission, LP v. 3.2 Acres Permanent Easement*, S.D. Ohio Case No. 2:14-cv-2650, ECF No. 1–2).

And timely completion and operation of the OPEN Project "will increase diversity of supply, enhance the ability of markets along the system to better manage price volatility, and provide additional security and reliability of service." Op. and Order in Case No. 14-cv-2650, ECF No. 229, at 16 (as quoted in 2015 TRO Order at 11). The same is still true today and applies to the ongoing maintenance and repair for the OPEN Project.

### III.    CONCLUSION

In sum, Texas Eastern's substantial probability of success on the merits, the irreparable harm it would suffer absent injunctive relief, and the public interest in timely and safe pipeline operations outweigh any potential harm to Defendant or others.

Accordingly, Texas Eastern's Motion for a TRO is **GRANTED.**

## IV. ORDER

It is hereby **ORDERED** as follows:

1. Defendant Robert E. Keenan, and his agents, representatives, or anyone acting in concert with him, are **ENJOINED** from preventing, obstructing, or interfering in any way with Texas Eastern's rights under the Grant of Easement, including access to the easement area for pipeline maintenance and repair activities.

2. Texas Eastern is authorized to access the easement on Defendant's property and perform the planned maintenance and repair work during the Work Window from March 30, 2026, through approximately April 15, 2026, or as reasonably necessary to complete that work.

3. The Court hereby **ORDERS** the United States Marshals Service to serve Defendant with this Order.  The United States Marshals shall employ whatever reasonable means are necessary to carry out the terms of this Order.

4. Given Defendant's continuous attempts to prevent access despite the Grant of Easement, the Court provides the following admonition: should Defendant prevent Texas Eastern from accessing his property for the purposes outlined in the Grant of Easement, in violation of this Order, Defendant shall appear on March 31, 2026, at 10 a.m. at the Joseph P.

Case No. 1:26-cv-288                                    Page 10 of 11

Kinneary United States Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215, to show cause as to why he should not be held in contempt of court.

5. Given the agreed upon nature of this Order and the lack of potential harm to Defendant, the Court **WAIVES** the security typically required by Federal Rule of Civil Procedure 65(c).

The Clerk shall term ECF No. 2 as a pending motion. Within **FIVE DAYS** of the conclusion of the work, Texas Eastern shall propose next steps for this case or file a notice of voluntary dismissal.

**IT IS SO ORDERED.**

Date and time: _0945   3/25/26_

_Michael H. Watson_

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 1:26-cv-288